## WALTER B. LYON *vs.* CITY OF CAMBRIDGE.

Middlesex.   January 10. — 30, 1884.   DEVENS & HOLMES, JJ., absent.

If a person is injured, in the evening, by stepping into a depression in the sidewalk of a street in a city, which street is obstructed by a building in the process of removal, so that the light from a street lamp on the opposite sidewalk is obscured, there being no other light in the vicinity, a notice to the city, which, after stating that the building prevented the light from shining upon the sidewalk, and the absence of any light there, alleges that the injury was occasioned "by reason of darkness caused as aforesaid," does not sufficiently designate the cause of the injury, within the St. of 1877, c. 234.

An omission to light a street in a city is not a defect in the way for which the city is liable; nor is the city under any greater liability by reason of a city ordinance requiring the superintendent of streets to place lights there.

TORT for personal injuries occasioned to the plaintiff, on June 14, 1881, by an alleged defect in Bridge Street, in the defendant city.   Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff introduced evidence tending to prove the following facts: On June 13 and 14, 1881, Bridge Street was obstructed for its entire width, except the sidewalks, by a two-story wooden building then in course of removal through the street.   The plaintiff lived in Somerville, and was accustomed to pass through Bridge Street in the street-railway cars.   The obstruction caused by the building made it necessary to change cars and go on foot over the sidewalk to reach the cars on the other side of the building.   About nine o'clock in the evening of June 14, 1881, the plaintiff got out of a car in which he was a passenger, and which had reached the obstruction, and attempted to pass to the other side over the northerly sidewalk, which he had always used previously, and had used that afternoon, and which had a lighted street lamp upon it at the end of the building; but he found it so obstructed with stones and timber that he was obliged to go to the other or southerly sidewalk. When he reached that sidewalk, the building cut off all light from the street lamp, and there was no light whatever upon or about the building at the end next to the southerly sidewalk. There was a depression of about five inches in the sidewalk caused by the intersection of a passageway, which depression,

by reason of the darkness, he did not see, and he stepped into it and fell, receiving the injuries complained of.

On July 13, 1881, the plaintiff gave a notice in writing to the defendant, which stated the time and place of the injury; that the building prevented the light from falling upon the sidewalk, and there was no sufficient light of any kind there; and that "by reason of darkness, caused as aforesaid," he fell and received his injuries.

The plaintiff also put in evidence an ordinance of the defendant city, which provided that, whenever any street was rendered unsafe or inconvenient for travellers, the superintendent of streets should erect a suitable fence across the same, and attach a lighted lantern to the fence, to be kept there from twilight in the evening through the night.

The judge ruled that the notice was defective and insufficient in the statement of the cause of the injury, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*J. M. Browne*, for the plaintiff.

*J. W. Hammond*, for the defendant.

C. ALLEN, J.   It was necessary for the plaintiff, within thirty days after receiving his injury, to give written notice to the defendant of the cause thereof. Pub. Sts. *c.* 52, § 19. This was a condition precedent to his right of recovery. *Shea* v. *Lowell*, 132 Mass. 187. The alleged defect relied on as the cause of the plaintiff's injury was a depression in the sidewalk, caused by the intersection of a passageway, which depression he was unable to see by reason of the darkness. But the darkness and the omission to light the street did not constitute a defect in the way for which the defendant is liable under the statute. *Macomber* v. *Taunton*, 100 Mass. 255. Nor is the defendant under any greater liability by reason of the city ordinance. *Lorillard* v. *Monroe*, 1 Kernan, 392, 396. *Fowle* v. *Alexandria*, 3 Pet. 398, 409. 2 Dillon Mun. Corp. (3d ed.) § 950. In the notice, no mention was made of the depression, which alone constituted the supposed defect. The Legislature having prescribed this condition, and the plaintiff having failed to comply with it, we can do no otherwise than hold that he is not entitled to maintain his action.                     *Exceptions overruled.*