JOHN GOODWIN *vs.* CITY OF FALL RIVER.

Bristol.    October 22, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Way,* Public: defect.    *Notice.*

The "physical or mental incapacity" which enlarges the period of thirty days within which by R. L. c. 51, §§ 20, 21, a traveller injured by reason of a defect in a highway is required to give notice of the time, place and cause of the injury, in order to recover under § 18 of the statute, is an inability of the person injured to give the notice himself or through another which resulted from a loss of the faculties of the mind or from a lack of power to use the mind because of the loss or impairment of the organs of the body.    Mere physical inability to move or to be moved about or to write is not evidence of mental or physical inability.

*It seems* that an injury caused by the omission of a city to light a street by reason of which a traveller stepped into a hole or depression in a sidewalk was not caused by a defect in the highway.    Citing *Lyon* v. *Cambridge,* 136 Mass. 419.

TORT under R. L. c. 51, § 18, for an injury alleged to have been sustained on March 16, 1914, by reason of a defect or want of repair in the sidewalk of South Main Street in Fall River.    Writ dated May 20, 1914.

In the Superior Court the case was tried before *White,* J.    The evidence bearing upon the question of notice is described in the opinion.    The plaintiff when injured was walking with one Greenwood and other young men who had joined them.    "The young men had been walking on the sidewalk when they came to a puddle and turned out to the edge near the curbing.    They then proceeded in single file, walking on the curb stone, the plaintiff being the third or fourth in the group, and walking behind Mr. Greenwood. The young men had passed the puddle and stepped farther into the sidewalk on the right, and the plaintiff, following the men who had preceded him, was going ahead when his right foot sank into a hole, and his shoe was caught and held him so that he was thrown over on his side.    He was picked up and fell over again and then was helped up and, although he contended at the trial that his leg was broken and he had received a Potts fracture, he did not know it at the time and was able to hobble away.    The fact that he had received a break or Potts fracture was in dispute at the

trial. The hole into which the plaintiff had stepped was about ten inches long, three or four inches wide and two or three inches deep. It was caused by a cobble stone which had been placed there sinking into the ground. The place where the accident happened was where a passageway was made across the sidewalk into the adjoining property. The sidewalk was generally curbed north from Dwelly Street, but in this place there was a break in the curbing of about eight or nine feet to allow for the passageway. The sidewalk was made of dirt or cinders and was about four inches above the level of the gutter. Leading up from the level of the gutter to the sidewalk were some paving blocks set in three rows, one higher than the other. One of these paving stones in the middle row had sunk into the ground so that the hole of the size mentioned surrounded by other paving blocks existed and had been in that condition for at least one or two months. The spot where the accident happened was in the sidewalk to the east of the eastern line of the curbing. The plaintiff was a stranger in Fall River and had never been over the place of the accident before."

At the close of the evidence the judge on motion of the defendant ordered a verdict for the defendant; and the plaintiff alleged exceptions.

R. L. c. 51, §§ 20, 21, are as follows:

"Section 20.  A person so injured shall, within ten days thereafter, if such defect or want of repair is caused by or consists in part of snow or ice, or both, and in all other cases, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way, causeway or bridge in repair, notice of the time, place and cause of the said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may within two years after the date of said injury or damage recover the same in an action of tort.  Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby.

"Section 21.  Such notice shall be in writing, signed by the person injured or by some one in his behalf, and may be given, in the case of a county, to one of the county commissioners or the county treasurer; in the case of a city, to the mayor, the city clerk or

treasurer; and in the case of a town, to one of the selectmen or to the town clerk or treasurer. If by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required, he may give it within ten days after such incapacity has been removed, and in case of his death without having been for ten days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give the notice within thirty days after his appointment."

C. R. Cummings, (J. W. Nugent with him,) for the plaintiff.

G. Grime, for the defendant.

PIERCE, J.   This is an action to recover damages for personal injuries sustained by the plaintiff by stepping into a hole in the sidewalk, while walking along South Main Street, in the city of Fall River, a public highway which the defendant is bound to keep in repair so that it may be reasonably safe and convenient for travellers.   The accident occurred on the evening of March 16, 1914, between seven and seven thirty o'clock.   The notice of the claim for injuries sustained was served upon the city of Fall River on April 18, 1914, thirty-three days after the accident.   The question presented is, whether the physical or mental incapacity of the plaintiff was such that he could not give the notice himself, or by any ordinary means at his command procure the notice to be given on his behalf, within thirty days of the accident.   R. L. c. 51, §§ 20, 21.   Saunders v. Boston, 167 Mass. 595.   Barclay v. Boston, 167 Mass. 596.

The plaintiff's injury was a broken ankle, a Potts fracture. He testified that he lived in Pawtucket, Rhode Island; that he came to Fall River on the afternoon of the accident; that he had to borrow money to come to Fall River; that he was out of work at the time and was looking for a job; that when he was hurt he was walking along one of the streets in the southern part of the city, but did not know its name; that the night was dark; that you could hardly see your hand in front of you; that it was so dark he could not see where he was going; that he did not know the points of the compass in Fall River or in which direction he was going; that he was being taken by one Greenwood, whom he had met at five o'clock that afternoon, to a moving picture show; that on the way they were joined by several other men whom he did not know; that after the accident he went two or three blocks along

to the moving picture show; that he stayed there ten or fifteen minutes; that his foot swelled up and burst his shoe lace; that he could not stand the pain; that he hobbled down the steps until he got to the street; that Greenwood took him on his back and carried him to his (Greenwood's) home where he stayed that night; that Dr. Perron attended him that night; that the next morning he went home to Pawtucket with Greenwood; that Dr. Dunbar sent him to a hospital in Providence, Rhode Island, where he remained eight days; that he then returned home and remained in the house until the evening of April 17; that on that evening he went to see a lawyer in Providence; that on April 18 he went to see a lawyer in Fall River, with his youngest sister; that he came with a crutch and stick and the plaster cast on his leg just the same as when he came out of the hospital; that he went to Mr. Cummings's office and at that time was not able to tell where he got hurt; that his sister located Greenwood, who came to the lawyer's office; that he did not know Greenwood's address at all and was unable to send any letter to him.

The plaintiff further testified that he was not well acquainted with Greenwood, whose uncle was married to his sister; that he had met Greenwood only once before in Pawtucket when Greenwood wrote down his residence on a piece of paper, which the plaintiff brought with him when he first came to Fall River; that Dr. Dunbar attended him after he came from the hospital twice or three times; that two doctors treated him in the hospital; that one came to see him several times a day; that the nurses were giving him his meals and attending to his physical wants; that he had six sisters, two of whom were unmarried; that his youngest sister came to his house pretty often; that it was not once a day, — he could not tell how often; that there was a nurse looking after his wife, who was an experienced nurse; that she was there at the house all the time after he came from the hospital and nursed him also; that his wife's sisters worked but came sometimes to see his wife; and that they were there when he was home about once a week; that he told them how he got hurt.

In addition, the plaintiff offered to show that he had no means to employ anybody, or to pay anybody, and there was nobody at hand available to give any notice or to find out for him where the accident happened; and he further offered to show that he was

unable to go out of the house, that he was unable to point out to anybody the place where he was hurt or to give any directions to go and find out, and that he did not know the place and could not give any description of it to anybody.

On motion the presiding judge directed a verdict for the defendant. We think the direction was given rightly. The physical or mental incapacity which enlarges the period of limitation within which notice as a condition precedent to a right to maintain an action must be given, is an inability of the person injured to give the notice himself or through another which results from a loss of the faculties of the mind, or from a lack of power to use the mind because of the loss or impairment of the organs of the body. Mere physical inability to move or to be moved about or to write are not evidence of mental or physical incapacity. *Mitchell* v. *Worcester,* 129 Mass. 525. *McNulty* v. *Cambridge,* 130 Mass. 275. *Lyon* v. *Cambridge,* 136 Mass. 419. Ignorance of facts upon which the ability of the person injured may depend to give notice is not evidence of mental or physical condition; nor is the want of means to employ assistance to give the notice or to find out where the accident happened evidence that the plaintiff was incapable of giving the notice within thirty days because of mental or physical incapacity. The evidence which the plaintiff offered in proof of mental incapacity, as described above, was excluded rightly.

On the facts this case cannot be distinguished from *Lyon* v. *Cambridge, supra.*

*Exceptions overruled.*