DORIS PERRY *vs.* LAWRENCE MEDEIROS & another.[1]

Bristol. November 5, 1975. — March 4, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Landlord and Tenant,* Safety requirements, Landlord's liability to tenant or one having his rights. *Negligence,* One owning or controlling real estate, Violation of building code. *Evidence,* Opinion: expert. *Snow and Ice.*

At the trial of an action against a landlord by a tenant for injuries sustained when she opened the exit door of the common porch and stepped out and down about seven inches to place her foot on the top step of the exterior common stairs but lost her footing and fell, it was error to exclude evidence that the city building code provided that "No exit door shall open immediately on a flight of stairs but a landing . . . shall be provided between such door and such stairs." [840-842]

At the trial of an action against a landlord by a tenant for personal injuries sustained in a fall on common stairs, the opinion of the building inspector of the city that the stairs "were . . . in violation of the building code," offered following the erroneous exclusion of the code, was properly excluded. [842]

At the trial of an action for injuries sustained in a fall on stairs allegedly in a defective condition by reason of snow or ice, of which the plaintiff first gave written notice under G. L. c. 84, §§ 18, 19, as appearing in St. 1965, c. 378, §§ 1, 2, fifty-two days after the injury, the trial judge correctly ruled that evidence of the plaintiff's condition after the injury, in substance that she was unable to move from where she fell until discovered in approximately one-half hour, that she had suffered a fractured sacrum and was strapped to a fracture board in a hospital for twenty-one of the twenty-nine days she was there, and that after her discharge she was carried into her apartment and spent the next three weeks on a fracture board, was not sufficient to submit to the jury the question whether under § 19 her "physical or mental incapacity" was

---

[1] Elizabeth Medeiros.

such as to make it impossible for her to give the notice within thirty days after the injury as required by § 18, and her notice was not timely. [842-845]

TORT. Writ in the Superior Court dated August 29, 1969.

The action was tried before *Hallisey, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Marc E. Antine* for the plaintiff.

*Brian J. Moran* for the defendants.

QUIRICO, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff in a fall on the exterior common stairs of a building in Taunton in which she occupied the third-floor apartment as a tenant of the defendants who owned the property. The case is before us on the plaintiff's amended bill of exceptions after a trial to a jury who returned a verdict for the defendants.[2]

The plaintiff argues two exceptions covered by her amended bill. One is to the Superior Court judge's exclusion from evidence of a portion of the Taunton building code requiring landings at certain doors opening on a flight of stairs. The other is to the judge's instruction to the jury concerning the requirement of G. L. c. 84, §§ 18-21, as in effect at the time of the plaintiff's injury, that in certain claims for injuries caused by a defect consisting in whole or in part of snow or ice, the claimant give written notice within a prescribed time to the owner of the allegedly defective premises. For the

---

[2] The action, originally entered in the Superior Court on October 6, 1969, was transferred to the District Court pursuant to G. L. c. 231, § 102C. After a trial in the latter court resulting in a finding for the defendants, the case was retransferred to the Superior Court for trial to a jury. The record on appeal was originally entered in the Appeals Court and the case was thereafter transferred by us to this court for direct appellate review. G. L. c. 211A, § 10 (A), inserted by St. 1972, c. 740, § 1.

reasons which follow, we sustain the first exception and overrule the second.

The pertinent allegations of the plaintiff's one count declaration are that on December 31, 1967, she was a tenant in a third floor apartment in premises of the defendants, that while in the exercise of due care in leaving the building by a common stairway she was caused to fall and was injured "because said premises had negligently been maintained by the" defendants, that on the day of the accident "the landing and stairs where she was caused to fall were covered with snow and ice," that as the result of her injuries she was hospitalized until January 30, 1968, "so that it was impossible for her to give notice to the Defendants," and that she gave such notice to the defendants on or about February 21, 1968. Each defendant filed an answer setting up a general denial and the defenses of contributory negligence, assumption of the risk, statute of limitations and failure to give the defendant notice of the accident as required by statute.

We summarize certain basic facts about which there appears to be no disagreement. The defendants, at all times material to this case, owned a three-apartment house. They occupied the first-floor apartment, they rented the third-floor apartment to the plaintiff, and they rented the second-floor apartment to another tenant. A set of exterior stairs consisting of seven steps leading from the ground to an enclosed porch, and the porch itself, were used in common by the defendants and their two tenants as a means of access to a first-floor hallway from which they ultimately reached their respective apartments. There was no landing at the top of the exterior stairs at the door used for entrance to or exit from the enclosed porch. The plaintiff was injured in a fall on the exterior stairs when leaving her house on the evening of December 31, 1967. At that time there was a door at the opening from the porch to these stairs and there was

some snow on the stairs. The plaintiff was taken to a hospital that evening and remained at the hospital until January 29, 1968. On February 21, 1968, she caused a written notice to be served on the defendants informing them of the date, time and place of her injury. The defendants contest the timeliness of the notice, but not its legal sufficiency or completeness. See G. L. c. 84, §§ 18-21.

The evidence as described in the bill of exceptions included the following relative to the alleged negligence of the defendants. The plaintiff first became the defendants' tenant at the property in question in August, 1963. At that time the porch described above was already enclosed, but there was no door at the head of the exterior stairs. Later in that year "when the cold weather began," the defendants installed a storm door at the head of those stairs thus completely enclosing the porch. Each year thereafter the storm door was removed in warm weather and reinstalled in cold weather. When the door was installed in the fall of 1967, a spring arrangement was also attached to close the door whenever it was opened. When a person leaving the building opened the door he then had to step out and down about seven inches to place his foot on the top step of the exterior stairs.

On the night of her accident, the plaintiff opened the outer porch door with her right hand in anticipation of stepping through the door opening to the top step of the stairs. Before she placed her foot on the step the door swung shut against her with such force that she was caused to lose her footing and fall down the stairs, landing at the bottom and sustaining serious injuries in the process. When the plaintiff first rented the apartment, there was a light outside the porch and it was in working condition. At some later date the light stopped working. She spoke to one of the defendants about it, but it never was repaired and it was not working at the time of the accident. Evidence concerning snow on

the stairs and the statutory notice thereof will be discussed later in this opinion.

1. *Exclusion of building code provision.* The plaintiff had the burden of proving her allegation that the defendants were guilty of negligence in their maintenance of the common area consisting of the porch and exterior stairs, and that their negligence caused her injuries. Stated differently, the plaintiff had the burden of proving that the defendants violated a duty which they owed to her as their tenant with respect to areas used by her in common with other occupants of the building. The duty of the defendants was "to use reasonable care to keep the common areas in as good a condition as that in which they were or appeared to be at the time of the creation of the tenancy." *Goodman* v. *Smith,* 340 Mass. 336, 338 (1960), and cases cited. *Crea* v. *Stunzenas,* 344 Mass. 265, 267 (1962). *Shwartz* v. *Feinberg,* 306 Mass. 331, 333-334 (1940).

As part of her case the plaintiff called the building inspector of the city of Taunton as a witness and through him offered § 6.08 of the city's building code which, on the date of the plaintiff's injury, provided in part as follows: "No exit door shall open immediately on a flight of stairs but a landing the length and width of not less than the width of such door shall be provided between such door and such stairs. No riser shall be located within one foot of an exit door."[3] The judge excluded this evidence. We hold that the exclusion of the quoted portion of § 6.08 was error.

There was evidence that when the plaintiff became a tenant of the defendants there was no door at the head

---

[3] Section 6.08 of the building code also provided as follows: "Direction of swing — *Except in residence buildings,* doorways that serve as exits shall have the door, including vestibule doors, so hung as to swing outward when opening" (emphasis supplied). Since this language excepts "residence buildings" and the present case involves a residence buiding, this portion of § 6.08 was properly excluded by the judge.

of the exterior stairs, and that thereafter the defendants placed a storm door at that opening. The municipal building code prohibited the resulting condition, viz., an exit door opening immediately on a flight of stairs without a landing. With the benefit of the excluded portion of § 6.08 the jury could have found that there was a violation of the building code which contributed to the plaintiff's injury. "The general rule in Massachusetts is that violation of the safety statute or ordinance does not in itself give rise to a cause of action but is evidence of negligence."[4] *Dolan* v. *Suffolk Franklin Sav. Bank,* 355 Mass. 665, 667 (1969). It is also the general rule that while the violation of a safety statute, ordinance or regulation is not conclusive on the issue of civil liability, it ". . . is evidence of negligence on the part of a violator as to all consequences that the statute, ordinance or regulation was intended to prevent." *Follansbee* v. *Ohse,* 293 Mass. 48, 52 (1935), quoting from *Guinan* v. *Famous Players-Lasky Corp.,* 267 Mass. 501, 516 (1929). The provision of the Taunton building code which the judge excluded was clearly intended to eliminate or minimize the risk of falls, with resulting injuries, in passing through a doorway which opens directly to the top step of a set of stairs going down from the other side of the door.

The defendants rely on statements quoted from our opinion in *Richmond* v. *Warren Institution for Sav.,* 307 Mass. 483, 485 (1940), to the effect that a statute which made it a misdemeanor for a person to permit any article to remain in a stairway of a building in a manner which impeded the passage of persons on the stairway did not affect the duty of a landlord to his tenants and that the violation of the statute "had no effect as evidence of

---

[4] For a discussion of the view that statutes, ordinances and regulations dealing with residential buildings in the area of requirements for the safety of the occupants thereof should be held to create an obligation on landlords for the benefit of their tenants, see *Boston Housing Authority* v. *Hemingway,* 363 Mass. 184, 203, 206-214 (1973), concurring and dissenting opinion by Quirico, J.

negligence." That reliance is misplaced since the rule would have no application to the facts of the case before us, assuming it would still be followed on facts similar to those in the *Richmond* case.

The plaintiff's bill states that the judge ruled that the building inspector "could not testify to the building code," and that thereupon the plaintiff offered to prove that had the inspector been allowed to testify, "he would have testified that in his opinion the stairs upon which the plaintiff fell were, on December 31, 1967, in violation of the building code of the City of Taunton." The opinion of the inspector on this point was properly excluded. The pertinent provisions of § 6.08 of the building code should have been admitted. There was evidence that there was no landing at the door at the head of the exterior stairs. It would then be a function of the jury to decide whether there was a violation of the code. The inspector was properly precluded from giving the jury his opinion interpreting the code and the effect thereof on facts to be found by the jury. *S.D. Shaw & Sons* v. *Joseph Rugo, Inc.*, 343 Mass. 635, 639 (1962). *Killam* v. *Standard Oil Co.*, 248 Mass. 575, 582 (1924). See *Campbell* v. *Leach*, 352 Mass. 367, 373 (1967).

2. *"Snow or ice" notice.* The plaintiff was not entitled to recover unless she proved first that her injuries were caused by a defective condition of a common area of the defendants' premises, and that the defect was due to the defendants' negligence. If the defective condition consisted in part of snow or ice, the plaintiff was required to prove additionally that she gave the defendants written notice of the time, place and cause of her injury, and that she gave the notice within the time prescribed by the applicable statute. G. L. c. 84, §§ 18-21. *Walsh* v. *Riverway Drug Store Inc.*, 311 Mass. 326, 328 (1942). *Regan* v. *Atlantic Ref. Co.*, 304 Mass. 353, 354 (1939). *Baird* v. *Baptist Soc'y*, 208 Mass. 29, 32 (1911).

On the date of the plaintiff's injury the applicable statutes, G. L. c. 84, §§ 18-21, required notice within thirty days after injury, subject to the proviso in § 19, as appearing in St. 1965, c. 378, § 2, that "[i]f by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required, he may give it within thirty days after such incapacity has been removed . . . ."[5] The plaintiff first gave the defendants notice under the statute on February 21, 1968, fifty-two days after her injury. The judge advised counsel before their final arguments that in his opinion the notice was fatally tardy. He instructed the jury that if they found that the plaintiff's injuries were "caused by, or contributed to, in whole or in part, by an accumulation of snow and ice, they must find for the defendants." The plaintiff argues that this instruction was erroneous, and that the jury should have been permitted to decide whether her notice was seasonably given under the extended time permitted by the statute "by reason of physical or mental incapacity." We hold that the judge acted correctly.

In *Goodwin* v. *Fall River*, 228 Mass. 529, 533 (1917), involving R. L. c. 51, § 21, which included substantially the same language now found in G. L. c. 84, § 19, we said: "The physical or mental incapacity which enlarges the period of limitation within which notice as a condition precedent to a right to maintain an action must be given [in an action for injuries caused by a defective sidewalk], is an inability of the person injured to give the notice himself or through another which results from a loss of the faculties of the mind, or from a lack of power to use the mind because of the loss or impairment of the

---

[5] By St. 1973, c. 1085, the following sentence was added to G. L. c. 84, § 18: "Failure to give such notice for such injury or damage sustained by reason of snow or ice shall not be a defense under this section unless the defendant proves that he was prejudiced thereby." That amendment does not apply to this case where the injury was sustained on December 31, 1967.

organs of the body.  Mere physical inability to move or
to be moved about or to write are not evidence of mental
or physical incapacity.  [Citations omitted.]  Ignorance
of facts upon which the ability of the person injured may
depend to give notice is not evidence of mental or
physical condition; nor is the want of means to employ
assistance to give the notice or to find out where the acci-
dent happened evidence that the plaintiff was incapable
of giving the notice within thirty days because of mental
or physical incapacity."  In *Townsend* v. *Boston*, 232
Mass. 451, 452 (1919), involving a defective sidewalk
consisting in part of ice thereon, this same rule was
applied.  *Saunders* v. *Boston*, 167 Mass. 595, 596 (1897).
*Lyons* v. *Cambridge*, 132 Mass. 534, 535 (1882).

Applying to this case the test prescribed by the
language quoted above from the *Goodwin* case, the
judge correctly ruled that the evidence of the plaintiff's
condition after she was injured as stated in her bill of
exceptions and quoted in the margin below[6] was not suf-
ficient to entitle her to have the question of her claimed
"physical or mental incapacity" submitted to the jury for
their determination whether her snow and ice notice to
the defendants was timely under G. L. c. 84, § 19.

The plaintiff is strongly critical of this court's inter-
pretation of the pertinent statutory language in the
*Goodwin* case, *supra*, contending that it "is not only

---

[6] The bill states: "The plaintiff was unable to move from the posi-
tion where she had fallen and remained there for approximately one-
half hour until discovered by her daughter.  Thereafter she was taken
to the Morton Hospital in Taunton, Massachusetts, where she was
confined from the date of the accident, December 31, 1967, to Janu-
ary 29, 1968. . . . That hospital report reveals that the plaintiff had
suffered a fractured sacrum and that for twenty-one days after her
admission to the hospital was not allowed to get out of bed at all, but
was, in fact, strapped to a fracture board. . . . [A]fter twenty-one
days in the hospital she was able to walk a distance of approximately
eight to ten feet.  The plaintiff was discharged from the hospital to
her home on January 29, 1968.  She was carried into her apartment
and spent the next three weeks lying on the fracture board."

grossly inconsistent with public policy, but it is also not necessarily called for by the statutory language." She asks that we reinterpret it. We decline to do so. The plaintiff points to the 1973 amendment to § 18 (see n.5 to this opinion) presumably to suggest that the Legislature has given some relief from the strict interpretation in the *Goodwin* case. We note that the Legislature elected to give only limited relief, and did not attempt to change the statutory language of "physical or mental incapacity" which was interpreted in the *Goodwin* case.

3. *Conclusion.* The jury returned a verdict for the defendants. No special questions were submitted to the jury. It is therefore not now possible to determine whether the jury concluded (a) that the defendants were not negligent, or (b) that they were negligent, but the plaintiff's injury resulted in whole or in part from snow or ice and the plaintiff did not give the defendants notice within the time limited by G. L. c. 84, §§ 18-21. The plaintiff is entitled to a new trial. Since it has been established that the plaintiff did not seasonably give any "snow or ice" notice as required by G. L. c. 84, §§ 18-21, she will not be entitled to prevail at the new trial if the jury find that her injuries were sustained by reason of a defective condition which consisted in whole or in part of snow or ice contributing to the injuries.

The plaintiff's exception to the exclusion of the pertinent provisions of the Taunton building code is sustained; the other exception is overruled.

*So ordered.*