Furnari, J.
This is an action in tort to recover for injuries sustained by the plaintiff who slipped and fell on an unnatural accumulation of ice and snow on the front stairway of a multi-unit dwelling owned by the defendants.
The plaintiff is before this Division on a charge of error in the trial court’s allowance of the defendants’ “Motion to Dismiss” the complaint. As grounds for such motion, the defendants contend that they have been prejudiced by the plaintiff’s failure “to comply with M.G.L.c. 84, §18 by not providing Harvey with written notice within thirty (30) days” of the plaintiff’s injury and claim.
The incident occurred on January 8, 1989 when the plaintiff was on the defendants’ premises as an invited guest of defendants’ tenant, RosaDegard. It is uncontroverted that one week later, on January 15, 1989, (1) Rosa Degard telephoned the defendants to report the plaintiff’s accident and (2) defendant Michael Harvey telephoned the plaintiff the same day to discuss the incident. The substance of the parties’ telephone conversation is, however, disputed.
In an affidavit submitted in support of the defendants’ dismissal motion, defendant Michael Harvey averred that the plaintiff stated only that he had slipped going down the wet, front stairs of the defendants’ building and that he had injured his back as a result of the fall. Harvey further averred that the plaintiff did not indicate during their January 15, 1989 telephone conversation that he was bringing a claim against either of the defendants.
Conversely, in an affidavit filed in opposition to the defendants’ dismissal motion, the plaintiff averred that he was injured in a fall on the defendants’ premises “caused by an accumulation of ice on the outside front stairs of the house and lack of a hand railing”; that he thereafter received acallfromdefendantMichaelHarveywho offered to pay all his medical bills in return for the plaintiff s agreement not to bring suit; and that he told Michael Harvey to “forget it” because he would be consulting his lawyer regarding a claim for his injuries.
Three months later, on April 13, 1989, plaintiff s counsel forwarded a certified letter, return receipt requested, to the defendants apprising them of the plaintiff’s claim against them for injuries he had sustained as a result of the “dangerous, defective and unsafe conditions” of the defendants’ premises. In his affidavit, defendant Michael Harvey asserts that the plaintiffs April 13, 1989 certified letter was delivered to one of his tenants;[2] that he did not receive it until April 25, 1989; and that this was the “first *80 indication” he had that the plaintiff was bringing a claim against the defendants. The defendants further averred that on April 23, 1989, only two days before receiving the plaintiff’s certified letter, they made alterations and repairs to the front stairway upon which the plaintiff had fallen.
The defendants contend that they have been prejudiced by the plaintiff s failure to give them notice within thirty days of his injury as required by G.L.c. 84, §18 because, due to their April 23, 1989 alteration of the stairway, they are unable to investigate, examine, preserve and/or photograph the locus of the incident as it existed on the date of the plaintiffs injury. The plaintiff contends: (1) that statutory notice was unnecessary because his injuries were also caused by the lack of a hand railing on the stairway in question; and (2) that he photographed the stairway within two weeks of the incident and will make these photographs available to the defendants.
1. In mistaken reliance on Dist/Mun. Cts. R. Civ. P., Rule 41(b), the defendants argue initially that the trial court’s allowance of their motion to dismiss the plaintiffs complaint must be sustained as such allowance entailed no abuse of judicial discretion. Such erroneous contention necessitates a preliminary examination of the procedural posture of this case and the applicable standard of review.
That portion of Rule 41(b) addressed to the trial judge’s discretion permits the involuntary dismissal of an action forfailure to prosecute or to comply with a court rule ororder. See, e.g., Monahan v. Washburn, 400 Mass. 1045 (1987); Heacock v. Heacock, 30 Mass. App. Ct. 304 (1991). The motion to dismiss in the instant case was instead based on the plaintiffs failure to provide that statutory notice which the defendants claim is a condition precedent to a G.L.c. 84 suit. The defendants’ dismissal motion was thus in the nature of a Dist/Mun. Cts. R. Civ. P., Rule 12 (b) (6) motion to dismiss a complaint for failing to state a claim upon which relief could be granted. A Rule 12(b)(6) motion is not addressed to the discretion of the trial court, but instead requires a determination of law that, on the basis of the complaint alone, it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling the plaintiff to any relief. Hobson v. The McClean Hosp. Corp., 402 Mass. 413, 415 (1988).
A Rule 12(b)(6) dismissal motion tests the sufficiency of the complaint itself. Where, however, materials beyond the pleadings are submitted in connection with a dismissal motion and not excluded by the trial court, the motion must be treated as one for summary judgment and will be so reviewed on appeal. Taplin v. Chatham, 390 Mass. 1, 2 (1983); Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983); Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 247 (1980). Additional materials in the form of affidavits, exhibits and memoranda were filed by both parties herein, and form part of the trial judge’s report to this Division. It is clear that the trial court could not have allowed the defendants’ dismissal motion based on lack of statutory notice without resorting to the additional materials because the plaintiffs complaint itself expressly states that statutory notice was given. Compare Bass River Lobsters, Inc. v. Smith, 7 Mass. App. Ct. 197, 202 (1979) .[3] It is equally clear that the submission by both parties of materials beyond the pleadings constituted constructive notice to them that the trial court would rule on the defendants’ motion as one for summary judgment pursuant to Dist/Mun. Cts. R. Civ. P., Rule 56. White v. Peabody Construc. Co., 386 Mass. 121, 127-128 (1982). Compare Stop & Shop Co. v. Fisher, 387 Mass. 889, 892 (1983).
2. The sole issue presented by this appeal is, therefore, whether the defendants *81 have successfully demonstrated that no genuine issues of material fact require a trial on the merits and that they are entitled to judgment in their favor as a matter of law. Dist/Mun. Cts. R. Civ. P., Rule 56(c). We hold that summary judgment should not have been enteredfor the defendants herein as there remains a dispute of material fact on the threshold issue of whether the defendants are entitled to claim a lack of statutory notice as a defense to the plaintiffs G.L.c. 84 claim.
As the plaintiff s complaint alleges injuries sustained in consequence of an unnatural accumulation of snow and ice on private property rather than on a public way, this case is governed by the statutory requirements for notice to owners of private property set forth in G.L.c. 84, §21. At the time of the plaintiffs 1989 accident, the statute provided:
Sections eighteen, nineteen and twenty shall aonlv to actions against persons founded upon the defective condition of their premises ... when caused bv or consisting in part of snow or ice resulting from rain or snow and weather conditions: provided that any such notice may be given by posting it in a conspicuous place on said premises and by leaving it with any person occupying the whole or any part of said premises... and no notice shall be invalid by reason of any inaccuracy or misstatement in respect to the owner’s name if it appears that such error was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the contention that it occurred from the defective condition of his premises ... [emphasis supplied].
The plaintiff s argument that no statutory notice was required in this case because his injuries were partially attributable to the lack of a hand rail on the stairway in question is thus easily dismissed under Section 21 which specifically requires notice when injury results from a defective condition either caused by “or consisting in part of snow or ice....”
The notice mandated by G.L.c. 84, §21 is a written notice given within thirty days of injury as specified in G.L.c. 84, §§18 and 19. Prior to 1973, timely written notice of the place, time and cause of the plaintiffs injuries sustained by reason of snow and ice was deemed an absolute prerequisite or condition precedent to a G.L.c. 84 statutory cause of action. See, e.g., Perry v. Medeiros, 369 Mass. 836 (1976) and cases cited (involving injuries sustained in 1967); Paddock v. Brookline, 347 Mass. 230, 231-232 (1963). However, by St. 1973, c. 1085, the Legislature amended G.L.c. 84, §18 by adding the following sentence:
Failure to give such notice for such injury or damage sustained by reason of snow or ice shall not be a defense under this section unless the defendant proves that he was prejudiced thereby.[4]
Neither party has directed our attention to any Massachusetts case law explicating this statutory language in actions involving private owners.[5] Scholarly commentary *82 suggests that the effect of the 1973 amendment of §18 was to render “doubtful that such [§18] notice is required as to owners of private property today...” and that, in any event:
the burden of proving prejudice by the plaintiff’s failure to give notice must be borne by the defendant (private owner) in cases of injuries due to snow and ice. Clearly, it is safer practice to give notice though substantial support was given to the position that notice is not required in snow and ice cases on private property in a case decided in 1976.[6]
37A.J.R NOLAN & L.J. SANTARIO, TORT LAW, §374 at 112-113 (2nd ed. 1989).
It is clear that the defendants have sustained neither such statutory burden, nor their burden as the Rule 56 moving party, Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), of demonstrating that they were prejudiced by the plaintiff’s failure to give them written notice of his injury within thirty days. The defendants can logically claim no actual prejudice by the plaintiff’s three month delay in issuing written notice if the defendants had actual notice of the plaintiffs injury and claim within the prescribed thirty day period. Viewing the parties’ conflicting affidavits and all inferences which may be drawn therefrom in the light most favorable to the plaintiff, Kelly v. Rossi, 395 Mass. 659, 661 (1985), a genuine issue of material fact remains unresolved as to whether the plaintiff informed defendant Michael Harvey of his claim in the course of their telephone conversation one week after the incident in question. Moreover, the only prejudice asserted by the defendants is their inability to examine and photograph the condition of the stairway as it existed on the date of the plaintiff s fall because of their own alleged repairs and alterations of the stairway on April 23, 1989. Such prejudice was clearly not attributable to the plaintiffs failure to give the prescribed G.L.c. 84, §21 notice if the defendants undertook such repairs with full, prior knowledge of the plaintiffs claim. The existence of key factual issues in this matter should have precluded the entry of summary judgment for the defendants herein. Gurry v. Cumberland Farms, 406 Mass. 615, 622 (1990).
Accordingly, the trial court’s allowance of the defendants’ motion to dismiss is reversed, and the judgment entered for the defendants is hereby vacated. This action is returned to the trial court for further proceedings. So ordered.

 The return receipt instead shows that Michael Harvey signed for the plaintiffs certified letter at the main post office on April 25, 1989. It cannot be determined from the record when Harvey first learned that there was a certified letter addressed to the defendants from plaintiffs counsel.

 The report states that the “court did not make any special findings of fact in its ruling allowing the defendants’ motionto dismiss.” An absenceof subsidiary findings isconsistentwith a Rule 56 ruling as “a judge does not properly ‘make findings’ in connection with a summary judgment proceeding, but only declares as a matter of law the material facts that are established by the uncontroverted materials submitted in support of, or in opposition to, the motion.” MacLean v. Delinsky, 407 Mass. 869, 878 n.5 (1990).

 The same language was added by St.1990, c.394 to G.L.c. 84, §21, and is not specifically applicable to the matter sub judice wherein the plaintiffs accident occurred in 1989. For cases like the present one involving snow and ice defects chargeable to private owners arising between 1973 and 1990, some confusion as to the applicability of the 1973 amendment of §18 was generated by the Legislature’s failure to amend both sections 18 and 21 in 1973, and by the phrase “under this section” in §18 which refers back to the liability of a “county, city or town” in §17. Neither party has addressed this underlying statutory issue. Given the incorporation of §18 by reference into §21, it appears that the 1973 amendment of §18 is fully applicable to this action against private landowners, as both parties herein have apparently assumed.'

 D espite the 1973 statutory amendment of § 18, cases involving actions against governmental entities for defects in public ways continue to characterize timely written notice as a condition precedent to suit. See, e.g., Wolf v. Boston Water & Sewer Comm., 408 Mass. 490, 492 (1990); Farrell v. Boston Water & Sewer Comm., 24 Mass. App. Ct. 583, 590 (1987). This undoubtedly reflects the nature of G.L.c. 84 which, as a partial abrogation of sovereign immunity, constitutes the exclusive remedy for breach of a statutory duty to maintain public ways. Compare Marsden v. Eastern Gas & Fuel Assoc., 7 Mass. App. Ct. 27, 28-29 (1979).

 The writers referto Perry v. Medeiros, 369 Mass. 836 (1976), an action against a private owner for injuries sustained by reason of a snow and ice defect, wherein the court reviewed the notice provisions of c. 84, cited the 1973 amendment of §18 and observed simply that it did not apply because the injuries in Perry were sustained in 1967. Id. at 843 n.5.