Graham, J.
This case involves allegations by the plaintiff, Dennis Barnes, that the defendant, Michael R. DePasquaie, negligently struck the plaintiff while driving his truck as the plaintiff was walking along an Interstate 93 ramp. The plaintiff has filed a motion in limine seeking to preclude the defendant from eliciting any testimony or submitting any evidence referring to whether the plaintiff was hitchhiking at any time prior to the accident. For the reasons stated below, the plaintiffs motion in limine is DENIED.
*460 DISCUSSION
The plaintiff raises two grounds for the exclusion of any reference to whether the plaintiff was hitchhiking. First, the plaintiff claims that any reference to hitchhiking would be unduly prejudicial and not probative of any of the issues in the case. The court disagrees. The defendant has brought to the court’s attention Massachusetts’ regulations and a by-law of the Town of Wilmington, that if sufficiently proffered by the defendant,[2] make hitchhiking illegal. The general rule in Massachusetts is that a violation of any by-law or regulation does not give rise to a cause of action, but is some evidence of negligence as to all of the consequences that the regulation or by-law was intended to prevent. See Ford v. Boston Housing Authority, 55 Mass.App.Ct. 623, 625 (2002); Perry v. Medeiros, 369 Mass. 836, 841 (1976); McCullough v. Eastern Massachusetts, 326 Mass. 714, 717 (1951). Evidence regarding a violation of a regulation or bylaw is logically related to the question of whether the conduct was reasonable. See LaClair v. Silberline Manufacturing Co., Inc., 379 Mass. 21, 28 (1979); see also Roberts v. Southwick, 415 Mass. 465, 477-78 (1993) (O’Connor, J. concurring). In this case the defendant has raised a defense of comparative negligence. Since comparative negligence looks at the reasonableness of the plaintiffs conduct, and a violation of a regulation or by-law is logically related to that question, the potential violation of the regulations and by-laws at issue are sufficiently probative on the issue of comparative negligence.
Furthermore, the court finds that reference to these regulations and the Wilmington by-law would not subject the plaintiff to undue prejudice. Such a reference would be unduly prejudicial if the jury was led to believe that a violation of the regulation or by-law was negligence per se. A proper jury instruction would reduce that potential prejudice.[3] Since the prejudicial impact does not outweigh its probative value, the plaintiffs motion in limine is denied as to this ground.
The plaintiffs remaining arguments center on the proposition that the defendant cannot submit evidence of a violation of criminal conduct if the plaintiff has not been previously found to’ have committed a criminal act. The defendant incorrectly cites to cases involving the standards for impeachment with a record of prior conviction. Those rules are inapplicable in this context. The proponent of the regulation does not have to produce a prior finding of the plaintiffs violation of a regulation or by-law. The regulations can be admitted and then it is up to the jury to determine whether there was a violation of the regulation. See Perry, 369 Mass. at 842.
ORDER
For the above reasons, the Plaintiffs motion in limine is DENIED.

The defendant seeks to submit into evidence chapter 5, §21 of the By-Laws of the Inhabitants of the Town of Wilmington, which refers to soliciting rides on a public roadway. Generally, town by-laws are not the proper subject of judicial notice. See Warren v. Zoning Board of Appeals of Amherst 383 Mass. 1, 8 (1981). The court may take printed copies of the by-laws into evidence, without attestation, as long as the plaintiff does not object to their genuineness. See G.L.c. 233, §75; Rice v. James Hanrahan & Sons, 20 Mass.App.Ct. 701, 705 (1985). In addition to genuineness, the plaintiff may raise two relevancy objections. First, the plaintiff may argue that the by-laws were not in effect at the time of the accident. I currently have no information to determine whether or not the by-laws were in effect at the time of the accident. Second, the plaintiff may object that the by-laws do not attempt to prevent the type of injury that happened to the plaintiff. A violation of a by-law is some evidence of negligence as to all of the consequences that the regulation or by-law was intended to prevent. See Ford v. Boston Housing Authority, 55 Mass.App.Ct. 623, 625 (2002). If the plaintiff objects on this ground, then the defendant must show that the by-law at issue attempts to prevent the type of accident that occurred here.
The defendant also seeks to admit into evidence: 720 Code Mass. Regs. §9:01 (defines terms highway, limited access highway, pedestrian and roadway); 720 Code Mass. Regs. §§9:03(2) and (3) (prohibiting parking on a state highway); 720 Code Mass. Regs. §§9:08(1) and (2) (prohibiting pedestrians from walking on a limited access roadway); and 720 Code Mass. Regs. §9:09(6) (prohibiting pedestrians from soliciting rides in a roadway). The court may take judicial notice of Massachusetts’ regulations when the regulations are published in the Massachusetts Register. See Saxon Coffee Shop, Inc. v. Boston Licensing Board, 380 Mass. 919, 926 (1980). The plaintiff may object on the same two relevancy grounds stated above. The above analysis also applies to these potential arguments.
Once printed copies of the by-law and regulations are submitted into the evidence, it is a question for the jury as to whether the plaintiff violated the by-law and regulations. See Perry v. Medeiros, 369 Mass. 836, 842 (1976).

In Hopkins v. Medeiros, 48 Mass.App.Ct. 600, 614 n.19 (2000), the Court approved the following instruction:
[A] violation of a statute or regulation is evidence of negligence on the part of the violator as to all the conse- ' quences the statute or regulation was intended to prevent. If you find in this case that the defendant violated a criminal statute, you may consider that violation as evidence of negligence if you also find that the statute at question was intended to prevent the specific harm which occurred.
Additionally in Gallagher v. Turner Construction Company, 2002 WL 1461944 ***2 (Mass.App.Ct. July 3, 2002) (unpublished decision), the Appeals Court approved the following instruction:
[I]f you find that any practice or omission on [the defendant’s] part violated any applicable law or regulation and if you find further that the violation caused or resulted in a harm that the law or regulation was intended to prevent, then you may consider the violation as evidence of negligence.