Roach, Christine M., J.
The plaintiff, Tara L. Clarke (“Clarke”) filed this action against the City of Worcester (“City”), pursuant to the Massachusetts Tort Claims Act (“MTCA’j, Mass.G.L. Chapter 258, section 2, alleging that City employees were negligent in the placement of a concrete road barrier. The City has moved to dismiss pursuant to Mass.RCiv.P. 12(b)(6), on the grounds that: (1) Mass.G.L. Chapter 84, section 15 (“Chapter 84”) is the exclusive remedy for actions based on a road defect; and (2) Clarke failed to give timely statutoiy notice to the City, as required by that statute (“the Motion”). In response, Clarke amended her complaint to add a claim under G.L.c. 84, §15.[1] Clarke asserts she is exempted from the notice provision of the statute due to a physical or mental disability.[2] See G.L.c. 84, §19.

Factual Background

The following factual allegations may be gleaned from the two complaints and the pleadings on the motion, viewed in the light most favorable to Clarke.[3] Nader v. Citron, 372 Mass. 96 (1977). On November 23, 2005, a portion of mortar parapet fell from the roof of a building at 34 Chestnut Street in Worcester, onto the adjacent Harvard Street. The City sent an inspector to the site, who determined that the building was unsafe and needed repair. (Amended Complaint, at paras. 8-9.) To effect the necessaiy repairs, and in the interests of public safety, the City ordered the sidewalk area around the building closed. Jersey barriers were placed in or adjacent to the northbound, right-hand traffic lane of Chestnut Street, in front of the building, to divert traffic from the construction area. The City did not place reflectors on the barriers, or post signs notifying drivers of their presence. (Complaint, para. 6.)
The early morning hours of January 14, 2006 in addition to being dark were foggy and rainy. At approximately 2:49 a.m., Clarke was traveling northbound on Chestnut Street, ascending the crest, and rounding a bend to the right when “the barriers suddenly appeared before her,” and she struck them with her car, resulting in injuries. (Statutoiy Notice letter of counsel dated March 6, 2006, attached as Exhibit C to the City’s Motion.) By affidavit, Clarke testifies that as a result of this accident, she suffered a sprained right ankle, a fractured left ankle, facial sutures, and dental injuries. She needed crutches and prescription medication. Clarke was unable to walk or drive, and required assistance for much of her day-to-day living. Docket #8, at paras. 4-6.

*124
Discussion

On a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), if additional materials are presented for consideration and not excluded by the court, the motion shall be treated as one for summary judgment. Mass.R.Civ.P. 12(c). In this case the court indicated to the parties at hearing on April 8, 2008 that it was inclined to dismiss the MTCA claim, and therefore that the issue of notice pursuant to Chapter 84 could be dispositive. The parties agreed Clarke could file an affidavit on that issue, and the court would then rule on notice, if need be, as a matter of summary judgment.[4]

Count One: MTCA

It is clear from the controlling case law that the MTCA did not supersede or repeal Chapter 84. Chapter 84 provides “the sole remedy against a municipality for personal injuries or property damage resulting from a defect or want of repair in or upon a way.” Ram v. Charlton, 409 Mass. 481, 485 (1991). The legislature explicitly preserved the exclusivity of Chapter 84 for everything within its purview Id.; Gallant v. City of Worcester, 383 Mass. 707, 711 (1981). Thus the threshold question is whether the facts as pleaded are controlled by Chapter 84. The court determines that they are, and that Count One pursuant to the MTCA must be DISMISSED.
Plaintiff first argues that the statutory definition of “defect” as “anything in the state or condition of a highway which renders it unsafe or inconvenient for ordinary travel” excludes jersey barriers, essentially because they were not part of the original highway. She attempts to analogize the jersey barriers to, alternatively, smoke blowing across a highway from a burning town dump, or a police cruiser parked in the middle of a road. This argument fails because a defect has been defined broadly to include “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Ram, 409 Mass. at 486, quoting Gallant, 383 Mass. at 711 (emphasis in original), and cases cited. A construction barrier placed within the ordinary flow of traffic renders the road both potentially unsafe and inconvenient for ordinary travel. Moreover, “(t]he word ‘defect’ ... includes not only physical impairments to the road itself which can cause immediate danger to a traveler, but also possible conceptual problems with the road’s design which may require extra caution by those using it.” Ram, 409 Mass. at 489. Thus, Clarke’s characterization of her claim as a “negligent mental error on the part of the City,” does not remove it from the purview of Chapter 84. Assuming a “negligent mental error” occurred in the placement of the barriers by the City, such an error would fall within the statutory definition of a defect in a public way.[5]
Second, Plaintiff argues she is not claiming the Ciiy failed to remedy or repair a defect in the road, but rather committed the negligent mental error noted above by not placing lighting or signage with the barriers. This argument also fails, because it reads the “prevention” aspect out of the statute. The Legislature has provided a cause of action where a person is injured “by reason of a defect. . . and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of’ the City. G.L.c. 84, §15 (emphasis added). This plain language provides for a cause of action when any injury in connection with a public roadway can be traced both to defects created or to those allowed to remain by a municipality. Plaintiffs claim is that the City’s method of intervention with respect to this particular way was a mistake, because the barriers were neither lit nor signed, and thus that her accident could have been prevented had the City intervened on Chestnut Street in a more reasonable or diligent manner.

Count Two: Chapter 84

Based on the Affidavit of Tara L. Clarke dated April 11, 2008, it is clear that Plaintiff is not entitled to an exemption from the notice requirement; thus Count II against the Ciiy must also be DISMISSED.
To recover for injuries incurred due to a defect in a public way, a plaintiff must notify the defendant of the incident within thirty days. G.L.c. 84, §18. Such notice shall be in writing, and must be delivered to “the mayor, the city clerk, or the treasurer.” G.L.c. 84, §19. A writing sufficiently provides notice if it states “the information that the person was so injured, giving the name and place of residence of the person injured and the time, place and cause of the injury or damage,” and if it is signed by the injured party or “by some person on his behalf.” Id. The notice requirement is an essential element of the cause of action; not only must the plaintiff give notice prior to filing suit, but she must also include in the pleading that proper notice was given. Paddock v. Town of Brookline, 347 Mass. 230, 231-32 (1964), quoting Berlandi v. Union Freight R.R., 301 Mass. 47, 51 (1938). “If by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required, he may give it within thirty days after such incapacityhas been removed.” G.L.c. 84, §19.
It is undisputed that Clarke failed to provide notice within thirty days, as the accident occurred on Janu-aiy 14, 2006, and the notice letter is dated March 6, 2006. Clarke claims her failure to notify the City should be excused for incapacity. The Supreme Judicial Court has defined “physical or mental incapacity” to mean “an inability of the person injured to give the notice himself or through another which results from a loss of the faculties of the mind, or from a lack of power to use the mind because of the loss or impairment of the organs of the body.” Perry v. Medeiros, 369 Mass. 836, 843-44 (1976), quoting Goodwin v. City of Fall River, 228 Mass. 529, 533 (1917). Evidence that *125 a person is unable to move or write does not establish a physical or mental incapacity for the purposes of Section 19. Id. Where there is no evidence of physical or mental incapacity of the sort sufficient to meet this statutory test, the court may determine the issue as a matter of law. Id.
Clarke certainly describes some rather serious injuries that physically incapacitated her for weeks. However, nowhere does Clarke assert mental difficulties, unconsciousness, organ impairment, or other injuries that would establish a physical or mental incapacity under this standard. The fact that Clarke suffered serious injuries simply does not exempt her from the written notice requirement. See also, Townsend v. City of Boston, 232 Mass. 451, 452 (1919) (plaintiff was not incapacitated despite evidence that she “was treated at a hospital for five weeks, and could not sit up; that she was suffering a good deal from shock, was kept under opiates a great deal for two weeks in order to relieve pain; that she did not sleep well and was pretty uncomfortable”).[6]
For all of the reasons stated herein and at the hearing on April 8, 2008, the City of Worcester’s Motion to Dismiss is GRANTED on both Counts I and II of the Complaint, and the City is DISMISSED from this action, with prejudice.

 The Amended Complaint adds claims against Worcester Montrose Limited Partnership and Micozzi Management, Inc. The docket does not reflect returns of service for these defendants, and they are not parties to the Motion.

 Following a hearing on the Motion on April 8, 2008, Clarke by leave of court submitted an affidavit dated April 11, 2008 regarding the factual basis for her notice exemption argument.

 Both parties have submitted material arguably outside the pleadings.

 Summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). The. moving party bears the burden of affirmatively demonstrating both prongs of the test. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts Immaterial.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).

 See, Ram (unmarked sharp curve bordered by stone wall); Gallant (pedestrian struck by automobile in public square; general allegation of negligent design construction, and maintenance of public way); Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394 (1983) (alleged failure to erect a necessary stop sign).

 he statute does not require written notice be given by the injured party herself, or delivered in person. G.L.c. 84, §19. There is no demonstration on this record that Clarke was incapacitated to the point that she could not compose written notice, or request that someone else do so on her behalf, as her counsel ultimately did. See Townsend, 232 Mass. at 452 (because the plaintiff informed her brother and sister of the accident, either of them could have provided notice).