Georges, J.
The plaintiff-appellant (Armstrong) brought this tort action in the Boston Municipal Court, Central Division, alleging that he had been injured after falling down a stairway as a result of negligence by the defendant-appellee (Rockhead) in lighting and maintaining the stairway in a building owned by Rockhead. After a jury trial on June 10, 2014, the jury returned a verdict in favor of Rockhead. Armstrong timely filed the instant appeal, and the Appellate Division held a hearing on April 30, 2015. Armstrong asserts error in the trial judge’s refusal both to take judicial notice of certain provisions of the Code of Massachusetts Regulations (Code) relevant to his claims of negligence, and to instruct the jury on those provisions. We reverse the judgment and remand the case to the Central Division for a new trial.
The evidence at the trial showed that at approximately 6:00 a.m. on January 27, 2012, Armstrong attempted to descend the second floor interior stairs of the dwelling owned and managed by Rockhead located at 39 Copeland Street, Boston. The Copeland Street property consisted of three floors, with a residential unit on each level. Armstrong lived in the second floor unit. He testified that on the day of his fall, *96 he went to descend the stairs and the hallway and stairwell were dark because: (i) the sun was not up; (ii) the second floor hallway and stairs have no windows; and (iii) the motion activated, overhead lighting did not come on. Rockhead testified that the subject overhead light fixture was not constantly illuminated because he had installed a motion activated light fixture prior to the date of Armstrong’s fall. He further testified that the stairwell enjoyed the benefit of an overhead skylight at the top of the structure, and that the street lighting illuminated up the stairwell. Rockhead also testified that he was not familiar with the State Sanitary Code.
There was a factual dispute as to whether Rockhead was on notice, prior to Armstrong’s fall, that the lighting in the second floor hallway and stairwell was not working. Armstrong cross-examined Rockhead as to a series of incoming communications to his cellular phone from Armstrong, followed apparently by outgoing communications from Armstrong to his electrician in the weeks and months preceding Armstrong’s fall. Although the substance of these communications were not received into evidence, inferentially Armstrong contended that the sequence of communications demonstrated his efforts to alert Rockhead to the lighting issue, and Rockhead’s subsequent attempts to remedy the same. Rockhead, on the other hand, testified unequivocally that the first time he became aware of the lighting issue was after Armstrong’s fall.
In this context, evidence of the Code’s required illumination of the subject stairway would be relevant to the issue of negligence because this factor would assist the jury in deciding whether Rockhead took reasonable measures to ensure the safe passage of tenants and visitors at the Copeland Street property. Section 105 CMR 410.254 of the State Sanitary Code requires, in relevant part, that:
... the owner shall provide light 24 hours per day so that illumination alone or in conjunction with natural lighting shall be at least one foot candle as measured at floor level in “every part of all interior passageways, hallways, foyers and stairways used or intended for use by the occupants of more than one dwelling unit or rooming unit ...
Evidence of the Code’s required illumination of the subject stairway, therefore, was relevant to the issue of negligence because knowledge of this requirement could have assisted the jury in deciding whether Rockhead took reasonable measures to ensure the safe passage of tenants and visitors at the Copeland Street property. Had the jury been allowed to consider the foregoing Code provision in light of trial testimony, the jury reasonably could have found that Rockhead had violated its provision. Moreover, such a violation, if found, could have constituted evidence of negligence. See Perry v. Medeiros, 369 Mass. 836, 840-841 (1976). Consequently, evidence concerning the presence or absence of the second floor lighting and evidence showing violation of the Code was properly admissible as relevant to the issue of Rockhead’s negligence. See Matteo v. Livingstone, 40 Mass. App. Ct. 658, 659 (1996) (A regulation is relevant if the harm that materialized was the harm that it was intended to prevent). At the close of the evidence, the judge instructed the jury on, among other things, the law of negligence. He refused, however, Armstrong’s request to take judicial notice of the specific provisions of 105 CMR 410.254 and to instruct the jury on the same, which Armstrong took exception to.
*97 Rockhead dismisses Armstrong’s claims of error as harmless, because, he contends, there is no plausible showing that the jury might have reached a different result if the instruction was given. See Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 275 (“We have said in the case of erroneously excluded evidence that the appropriate test is whether the proponent has made a ‘plausible showing that the trier of fact might have reached a different result if the evidence had been before it.’”) We disagree because to so conclude requires the Court to engage in impermissible speculation about the jury’s deliberations. Here, Rockhead admitted that he had installed motion-activated lighting in the common stairwell that, by definition, would only illuminate the area if the fixture detected some form of motion. In contrast, 105 CMR 410.254 requires illumination at all times, 24 hours per day, by illumination alone or in conjunction with natural lighting. Accordingly, the jury plausibly might have found Rockhead negligent had it been allowed to consider the issue of Rockhead’s failure to comport with the Code.
This case is distinguishable from the recent Appeals Court 1:28 decision, dated April 22,2015, in Connaghan v. Northeast Hospital Corporation, Docket 13-P-1419.[1] In Connaghan, the Appeals Court upheld a jury’s defense verdict in a personal injury suit, rejecting the plaintiffs exception to the trial judge’s decision to not allow various portions of the building code into evidence. Among several procedural distinctions with the instant case, the crucial substantive difference is the harm suffered in Connaghan did not arise from tiie harm that the subject regulations were intended to prevent. See Matteo v. Livingstone, supra. Here, it cannot reasonably be argued that the harm that Armstrong suffered from ostensibly not being able to see as he descended the stairs is not the type of harm that the subject regulation seeks to minimize or obviate by placing an affirmative duty on property owners to keep the halls and stairways lit 24 hours per day.
Accordingly, we conclude that Armstrong is entitled to a new trial because the judge erroneously refused to take judicial notice of 105 CMR 410.254 which, considering the trial testimony, the jury could have taken as evidence of Rockhead’s negligence in violating that Code provision. We agree that the substance of the proposed instruction should have been given, and we cannot conclude that the jury verdict would not have been different absent the error. The verdict in favor of Appellee-Defendant Rockhead and the judgment entered on that verdict are reversed and the matter is remanded to the Central Division for a new trial.
So ordered.

 In accordance with the Appeals Court decision in Chase v. Curran, 71 Mass. App. Ct. 258 (2008), Rule 1:28 decisions are not binding precedent, but may be cited for persuasive value.