BRISCOE, Circuit Judge.
Donald Karnes brought this action against his employer, The Boeing Company, after he was terminated for smoking marijuana on work premises. Karnes filed suit in state court, but Boeing removed the action to federal court pursuant to 28 U.S.C. § 1441(a).[1] The district court granted summary judgment in favor of Boeing and dismissed Karnes’ claims. Karnes appeals challenging the district court’s jurisdiction and the dismissal of his claims. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, vacate the judgment of the district court, and remand the case with directions to remand to the state court.
I.
Karnes worked in the paint shop at Boeing’s manufacturing facility in Tulsa, Oklahoma, from 1984 until he was terminated in April 2000. While employed at Boeing, Karnes was a member of the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America. As a member of the Union, the terms and conditions of his employment were governed by a collective bargaining agreement (CBA) between the Union and Boeing.
In March 2000, Michael Woolweaver, a Boeing labor relations specialist, received an anonymous telephone call reporting illicit drug use by Boeing employees behind the paint booth in Building 610. The caller did not identify the employees, but stated drug paraphernalia could be found at that location. Woolweaver and a security specialist found the drug paraphernalia and it tested positive for marijuana. A surveillance camera was installed in the area. In April 2000, the surveillance tape revealed Karnes smoking in the area where the' paraphernalia had been found. After Karnes’ supervisor and another Boeing management employee confirmed that Karnes appeared on the surveillance tape, Karnes was asked to submit to a drug test. After talking with Union representatives, Karnes informed Woolweaver, in the presence of the nurse and Union representatives, that his drug test would be “hot.” Aplt.App. at 51. Karnes’ urine sample tested positive for marijuana, amphetamines, and methamphetamines. His employment was terminated because of violation of Boeing’s policy regarding the use of illegal drugs on Boeing premises.
Grievances under the CBA are subject to a three-step reconciliation process that culminates in final and binding arbitration if the Union chooses to pursue the grievance. After Karnes was terminated, the Union filed a grievance requesting that Karnes be reinstated. Boeing denied the *1192 request for reinstatement. The Union appealed, but subsequently withdrew the grievance without prejudice and the matter was not submitted to arbitration. Karnes filed a complaint against the Union with the National Labor Relations Board (NLRB), alleging the Union had failed to adequately represent him during his grievance with Boeing. The NLRB determined there was “insufficient evidence to establish that the Union failed to fairly represent [Karnes] in its handling of the grievance pertaining to his discharge.” Aplt. App. at 59.
In February 2001, Karnes filed a complaint against Boeing in Oklahoma state court alleging that Boeing violated Oklahoma’s Standards for Workplace Drug and Alcohol Testing Act and Oklahoma’s Employment Security Act of 1980, and for prima facie tortious conduct. Boeing removed the suit to federal court. The district court concluded it had federal question jurisdiction pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and rejected Karnes’ motion to remand. Boeing filed a motion to dismiss which the court converted to a motion for summary judgment. The court granted summary judgment in favor of Boeing and dismissed Karnes’ claims. Karnes contends the court erred in denying his motion to remand the case to state court and in granting summary judgment in favor of Boeing.
II.
We first consider whether the district court had federal question jurisdiction. Specifically, we must address whether the district court was correct in concluding that Karnes’ claims were preempted by § 301 of the LMRA. Section 301 provides:
Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
29 U.S.C. § 185(a).[2] Shortly after enactment of the LMRA, the Supreme Court held that § 301 authorized federal courts to fashion a body of federal common law to be used to address issues arising out of labor agreements. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). “A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law.” Id. at 210, 105 S.Ct. 1904. Preemption arises when an “evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.” Id. at 213, 105 S.Ct. 1904. Thus, “as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is ‘independent’ of the agreement for § 301 pre-emption purposes.” Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 410, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).
Under the “well-pleaded complaint” rule, the plaintiff is considered the “master of the claim” and thus the federal question giving rise to jurisdiction must appear on the face of the complaint. Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir.2001). However, because plaintiffs often attempt to avoid federal jurisdiction under § 301 by artfully pleading their claims, “federal courts look beyond the *1193 allegations of the complaint ... to determine whether the wrong complained of actually arises in some manner from a breach of the defendants’ obligations under a[CBA].” Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 530 (10th Cir.1992) (internal quotation omitted). Despite our authority to look beyond the complaint, the plaintiff remains the master of his claims and may choose to have his claims heard in state court by avoiding claims based on federal law. See Caterpillar v. Williams, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus,
a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing.
Id. at 399, 107 S.Ct. 2425 (emphasis in original). “If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence.” United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir.1999).
Here, the district court held that Karnes’ claims were preempted because (1) his employment was governed by the terms of the CBA; (2) the CBA incorporated Boeing’s anti-drug policy; (3) the CBA addressed management’s authority to discipline employees; and (4) the CBA provided a grievance procedure for such disputes. Based on these factors, the court concluded that it could not adjudicate Karnes’ claims without referring to the CBA and, therefore, removal was proper under § 301. We review the district court’s ruling de novo. Garley, 236 F.3d at 1206-07 (“Whether state law is preempted by federal law is a conclusion of law which we ... review de novo. We review a denial of a motion to remand a claim for lack of removal jurisdiction de novo.” (internal citation omitted)).
Karnes alleges that Boeing violated Oklahoma’s Drug Testing Act, Okla. Stat. tit. 40, §§ 551-565, and, in the alternative, that Boeing violated the public policy behind the Oklahoma Act. His complaint does not specify the section of the Act that Boeing violated, but within the sections he cites is § 562 (“No disciplinary action, except for a temporary suspension or a temporary transfer to another position, may be taken by an employer against an employee based on a positive test result unless the test result has been confirmed by a second test.” Okla. Stat. tit. 40, § 562(A).). In order to establish a violation of this section, Karnes must show that Boeing (1) discharged him based on his drug test, and (2) failed to confirm the result through a second test.[3] Neither inquiry requires a court to interpret, or even refer to, the terms of a CBA.
In addition, Karnes’ appellate brief argues that Boeing violated § 555(A) of the Oklahoma Act, which requires a company’s anti-drug policy to be “uniformly applied,” by failing to take disciplinary action against other employees who were allegedly videotaped using drugs. However, whether Boeing has “uniformly applied” its anti-drug policy is a purely factual inquiry and is not “inextricably intertwined” with the terms of the CBA.[4] Cf. Garley, 236 F.3d at 1213 *1194 (holding that retaliation claim is not preempted where it entails a purely factual inquiry into the conduct and motivations of the employer). Thus, Karnes’ Drug Testing Act claims are clearly independent of the CBA and are not subject to § 301 preemption. See Lingle, 486 U.S. at 407, 108 S.Ct. 1877 (“[T]his purely factual inquiry ... does not turn on the meaning of any provision of [the CBA], Thus, the state-law remedy in this case is ‘independent’ of the [CBA] in the sense of ‘independent’ that matters for § 301 pre-emption purposes: resolution of the state-law claim does not require construing the [CBA].”). Further, the fact that the CBA incorporated Boeing’s anti-drug policy is irrelevant because “ § 301 does not grant the parties to a[CBA] the ability to contract for what is illegal under state law,” Allis-Chalmers, 471 U.S. at 212, 105 S.Ct. 1904, and the Supreme Court has “underscored the point that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.” Livadas v. Bradshaw, 512 U.S. 107, 123, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994); see also Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693-94 (9th Cir. 2001) (en banc) (holding no § 301 preemption where “the plaintiffs based their claims on the protections afforded them by California state law”). Accordingly, we conclude that Karnes’ claims under the Oklahoma Act are not preempted.
Karnes also alleges that Boeing violated the public policy of Oklahoma’s Employment Security Act of 1980, Okla. Stat. tit. 40, § 1-101 et seq. The purpose of the Employment Security Act is to set up a system of public employment offices and an unemployment compensation fund to assist Oklahoma’s unemployed citizens. Id. § 1-102(1). It is unclear whether this statute provides a private cause of action and, if it does, whether the statute is applicable here. However, because we conclude that we do not have jurisdiction over this claim, we do not address its merits. Karnes’ final cause of action is for “prima facie tort.” ApltApp. at 9. This claim is so vague that we are unable to determine whether it is preempted under § 301. Therefore, we also remand this claim to the district court for further remand to state court.
Finally, we emphasize that the burden is on Boeing to show jurisdiction by a preponderance of the evidence. See Spectrum Emergency Care, 190 F.3d at 1160. “Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.” Id. Boeing contends that Karnes’ claims are subject to § 301 preemption because his employment was governed by the CBA, Boeing’s anti-drug policy is incorporated into the CBA, and the CBA provides a grievance procedure for his claims. However, nearly every case brought by a union employee against his employer will involve these factors. Thus, if we accepted Boeing’s argument, we could not imagine a scenario where § 301 would not preempt a putative plaintiffs claims. Boeing also argues that Karnes has failed to produce evidence to support his claims. Whether Karnes has presented sufficient evidence to support his claims, however, is not relevant to our analysis. We conclude that Boeing has failed to meet its burden of establishing federal jurisdiction over Karnes’ claims.
Because Karnes’ claims were not preempted by § 301, the district court lacked removal jurisdiction over these ac *1195 tions and improperly awarded summary judgment in favor of Boeing. We VACATE the judgment of the district court and REMAND the case to the district court with directions to remand to the state court.

. United States district courts have original jurisdiction over “all civil actions arising under the Constitution, laws, or treaties of the United States.” 28 U.S.C. § 1331. Civil actions filed in state courts over which district courts have original jurisdiction “may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.” Id. § 1441(a).

. Thus, § 301 does not preempt suits arising out of contracts between an employer and an individual employee. See Wooddell v. Int’l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 98, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991).

. The record does not indicate whether Boeing confirmed Karnes’ drug test through a second test or whether Boeing's anti-drug policy required such confirmation. However, because we do not have jurisdiction over Karnes’ claims, these are factual inquiries for the state court.

. The dissent contends that in order to determine whether Boeing has "uniformly applied” its anti-drug policy (which was incorporated into the CBA), we must refer to the policy and mere reference to the policy triggers § 301 preemption. We disagree because the reach of § 301 preemption is much more *1194 limited. See Humble v. Boeing Co., 305 F.3d 1004, 1008 (9th Cir.2002) (stating that "mere consultation of the CBA's terms ... will not suffice to preempt a state law claim”).