**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROSEMARY HATCHER,

      Plaintiff-Appellant,

v.

WILLIAM COLLINS, III, Oklahoma
County Probate Attorney for Personal
Representation,

      Defendant-Appellee.

No. 03-6131

(D.C. No. CIV-03-254-HE)

(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Plaintiff *pro se* Rosemary Hatcher filed suit in federal district court, raising

various challenges to the outcome of probate proceedings in Oklahoma state

court. These probate proceedings concerned the estate of Plaintiff's mother. The

district court dismissed the action for lack of subject-matter jurisdiction, under

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Federal Rule of Civil Procedure 12(b)(1). Plaintiff appeals. "We review dismissals for lack of subject matter jurisdiction *de novo*." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) (internal quotation marks omitted). In her appellate brief filed August 13, 2003, Plaintiff argues that there are grounds for both diversity jurisdiction and federal question jurisdiction over her suit. We conclude that neither diversity jurisdiction under 28 U.S.C. § 1332, nor federal question jurisdiction under 28 U.S.C. § 1331, exists in this case.

First, Plaintiff cannot satisfy one of the fundamental requirements for diversity jurisdiction—that there be *complete* diversity of citizenship among the parties. Plaintiff maintains that "[t]here is clearly diversity of citizenship" because "the oil companies reside in the State of Kansas and Plaintiff-Appellant resides in the State of Oklahoma." Aplt. Br. at 1. Plaintiff does not appear to have named the "oil companies" as defendants in this case. But even if the companies were defendants, showing that they are citizens of a different state than Plaintiff would not be sufficient to establish diversity jurisdiction. "A case

falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff has not alleged that Defendant William Collins is a citizen of a state other than Oklahoma; indeed, the caption of her complaint states an Oklahoma address for him.

We also reject Plaintiff's other proposed basis for federal jurisdiction, which she characterizes as a "federal question." Aplt. Br. at 1. Plaintiff's theory is that the state court effected a taking, in violation of the United States Constitution, by determining that certain property interests at stake in the probate proceedings belonged to people other than Plaintiff. This theory does not provide a ground for reversing the district court's ruling that it lacked subject matter jurisdiction, because a federal district court cannot exercise jurisdiction over the type of claim described by Plaintiff. "[U]nder [the] *Rooker/Feldman* abstention doctrine, . . . a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

We determine that Plaintiff has failed to demonstrate a basis for federal jurisdiction over this case. Accordingly, we AFFIRM the district court's dismissal of Plaintiff's complaint for lack of subject-matter jurisdiction.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge