**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MAR 18 2004

**PATRICK FISHER**
**Clerk**

RODGER E. MATHIS;
JEANETTE D. MATHIS,

      Plaintiffs-Appellants,

v.

FRED SKALUBA; RICHARD
HARDMAN; UNITED STATES OF
AMERICA,

      Defendants-Appellees.

No. 03-8029
(D.C. No. 02-CV-102-B)
(D. Wyo.)

ORDER AND JUDGMENT   *

Before **SEYMOUR** , Circuit Judge,   **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*        This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rodger and Jeanette Mathis filed this action in Wyoming state court challenging the Internal Revenue Service (IRS) levying funds in their bank accounts. Defendants removed the case to federal court. In this appeal, the Mathises assert the district court erred in refusing to remand their case to state court and, instead, dismissing their claims. We affirm.

As an initial matter, we have appellate jurisdiction to review both the district court's January 28, 2003 final decision denying remand and dismissing all the Mathises' claims, as well as the district court's later decision denying the Mathises' Fed. R. Civ. P. 60(b) motion to vacate that final decision. The Mathises did file their notice of appeal beyond the sixty days normally allotted for appealing a final decision entered in an action involving the United States or its officers. *See* Fed. R. App. P. 4(a)(1)(B). Nonetheless, in this case, the district court did not file a separate entry of judgment with that January 28, 2003 decision. *See* Fed. R. Civ. P. 58(a). In light of that, the Mathises actually had 150 days to file their notice of appeal. *See* Fed. R. Civ. P. 58(b)(2)(B). They did so within that time frame, on April 7, 2003, following the district court's order denying their Rule 60(b) motion to vacate. That notice of appeal, therefore, was sufficient to vest this court with jurisdiction to review both district court decisions.

We, then, review the district court's decision denying remand and dismissing the Mathises' claims *de novo*, *see, e.g., Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) (reviewing decision denying remand); *Wyoming v. United States*, 279 F.3d 1214, 1222 (10th Cir. 2002) (reviewing dismissal under Fed. R. Civ. P. 12(b)(1), (6)), and its decision denying the Mathises' Rule 60(b) motion for an abuse of discretion, *see, e.g., LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). For substantially the reasons stated in those decisions, we affirm the district court's denying a remand to state court, dismissing without prejudice any claim the Mathises presented seeking a tax refund, and dismissing the rest of the Mathises' claims with prejudice.

In doing so, we address only one appellate argument further. The Mathises assert the district court's conclusion that removing this state-court action to federal court was proper was inconsistent with its then dismissing those claims, in part, for lack of subject-matter jurisdiction, based on the United States' sovereign immunity. The district court's conclusions, however, are not inconsistent. *See, e.g., Wyoming*, 279 F.3d at 1225 (noting general-jurisdiction statutes do not waive United States' sovereign immunity); *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 & 1203 n.2 (10th Cir. 1992) (same).

A federal court has subject-matter jurisdiction generally to hear federal-law claims, including those involving internal revenue, asserted against, among

others, the United States and its officers. *See* 28 U.S.C. §§ 1331, 1340, 1345, 1346(a). Removal, therefore, was proper. *See id.*, §§ 1441(a) and (b), 1442(a)(1). Once in federal court, however, the Mathises had the burden of establishing that the United States had waived its sovereign immunity and was, thus, amenable to the Mathises' claims. *See, e.g., Fostvedt*, 978 F.2d at 1203. The Mathises, however, failed to meet that burden. *See Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992) (holding taxpayer challenging IRS activities in sending deficiency or assessment notice must bring suit under statute that waives United States' sovereign immunity).

Appellants' remaining arguments lack merit. The judgment of the district court is, therefore, AFFIRMED. Appellant's "Petition for Declaratory Relief," filed with this court, is DENIED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-4-