(149 P.3d 865)
No. 96,221

DIANE L. CREEKMORE, *Appellant*, v. SOUTHWESTERN BELL TELEPHONE, L.P., and THE KANSAS DEPARTMENT OF LABOR, *Appellees*.

Opinion filed January 12, 2007.

*Alexander B. Mitchell, II*, of Klenda, Mitchell, Austerman & Zuercher, L.L.C., of Wichita, for appellant.

*Melanie N. McIntyre, Timothy S. Pickering*, and *Bruce A. Ney*, of Southwestern Bell Telephone, L.P., of Topeka, for appellee Southwestern Bell Telephone, L.P.

*Heather Wilke* and *Brett Flachsbarth*, of Kansas Department of Labor, for appellee Kansas Department of Labor.

Before MCANANY, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: Diane L. Creekmore appeals the trial court decision that her claim for unpaid vacation and severance pay was preempted by the Federal Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. § 141 *et seq.*, based on the collective bargaining agreement between Southwestern Bell Telephone, L.P., (SBT) and the Communication Workers of America (CWA). We affirm.

The procedural facts in this case are for the most part undisputed. Creekmore was employed by SBT from March 27, 1982, through May 29, 2002. She was terminated for a stated reason of misconduct. The terms and conditions of her employment were governed by the collective bargaining agreement CWA had negotiated with SBT. The collective bargaining agreement in effect at the time of Creekmore's termination provided that she was not entitled to paid vacation or severance pay if she was terminated for reasons of misconduct.

Article XVIII, Severance Payments, of the collective bargaining agreement provides:

"Section 1. Eligibility. A regular employee shall receive a Severance Payment as provided in Section 2. of this Article when such employee is terminated for one of the following reasons:

"a. Laid off after having been declared surplus pursuant to Article XVII, Force Adjustment;

"b. Terminated voluntarily pursuant to Article XVII, Force Adjustment;

"c. Terminated after a leave of absence when no work is available in the Force Adjustment Area, provided there was every reasonable expectancy at the time the leave was granted that the employee would return to work and the employee is willing and able to do so; or

"d. Dismissed, except for reasons of misconduct, after having three (3) or more years of Continuous Service."

The collective bargaining agreement addresses vacations in Article IX as follows:

"Section 1. Vacation Eligibility. Subject to the provisions of Sections 3., 4., 8., and 9. hereof, vacations with pay shall be granted during the vacation year to each employee, except upon dismissal for misconduct, who shall have completed a period of six (6)-months' employment since date of engagement or reengagement, whichever is later, and who has performed work for the Company within the vacation year."

SBT refused to pay Creekmore any severance or vacation pay upon her termination. She submitted a claim with the Kansas Department of Labor (KDL) requesting accrued vacation pay in the amount of $16,378 and a severance amount of $42,916 due under the collective bargaining agreement. Before the KDL, Creekmore argued that her termination was part of a force reduction, carried out over several years, to avoid paying separation benefits and that her termination "for reasons of misconduct" was pretextual, concealing SBT's true motive. The KDL granted SBT's motion to dismiss, finding Creekmore's claim was preempted under the LMRA. The district court affirmed the KDL's ruling on the motion to dismiss.

Our review involves examination of a decision by a state administrative agency. When an administrative agency action is appealed to the district court pursuant to the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, and then appealed from the district court to this court, we review the agency's decision as though the appeal had been made directly to us, and we are subject to the same limitations of review as the district court. *Pitts v. Kansas Dental Bd.*, 267 Kan. 775, 776, 987 P.2d 348 (1999). Our scope of review is set forth in K.S.A. 77-621(c)(1) through(8). More specifically, our scope of review is gov-

erned by K.S.A. 77-621(c)(4). We have plenary or de novo review over preemption questions, which are questions of law. *Doty v. Frontier Communications, Inc.*, 272 Kan. 880, 888, 36 P.3d 250 (2001); *Lindemuth v. Goodyear Tire & Rubber Co.*, 19 Kan. App. 2d 95, 99, 864 P.2d 744 (1993).

Creekmore argues that the issue of whether she committed misconduct was a question of fact and resolution of that question was not dependent on an interpretation of the collective bargaining agreement. Consequently, she argues the KDL and the district court incorrectly held that her argument was preempted by federal law. Creekmore presents several cases with little application to the facts in this case, arguing they support her claim that there is no need to interpret the collective bargaining agreement. She maintains that either the KDL or the district court could have decided whether she was dismissed for misconduct and whether she was entitled to vacation and severance pay. See *e.g., Whelan's Inc. v. Kansas Dept. of Human Resources*, 235 Kan. 425, 429, 681 P.2d 621 (1984) (computation of the rate at which accrued vacation is to be paid); see also *Livadas v. Bradshaw*, 512 U.S. 107, 129 L. Ed. 2d 93, 114 S. Ct. 2068 (1994) (plaintiff's claim under state statute that imposed a monetary penalty for each day that passed between an employee's discharge and receipt of payments for wages due); *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 129 L. Ed. 2d 203, 114 S. Ct. 2239 (1994) (whistle-blower action); *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988) (workers compensation, retaliatory discharge); *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146 (10th Cir. 2004) (fraudulent misrepresentation to induce early retirement); *Karnes v. Boeing Co.*, 335 F.3d 1189 (10th Cir. 2003) (Oklahoma drug testing act); *Hysten v. Burlington Northern Santa Fe Ry. Co.*, 372 F. Supp. 2d 1246 (D. Kan. 2005) (retaliatory discharge for filing FELA claim).

Section 301 of the Labor Management Relations Act, 129 U.S.C. § 185(a) (2000), provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court

of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

In *Lindemuth*, 19 Kan. App. 2d at 97-98, the court explained the interplay of federal preemption in the context of collective bargaining agreements:

"Section 301 provides federal jurisdiction for controversies involving collective-bargaining agreements and authorizes federal courts to fashion a body of federal law for the enforcement of these collective-bargaining agreements. *Lingle*, [486 U.S. at 403]; *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 451, 1 L. Ed. 2d 972, 77 S. Ct. 912 (1957). Section 301 mandates resort to federal rules in order 'to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes.' *Lingle*, 486 U.S. at 404.

"The general rule developed by the United States Supreme Court regarding when federal preemption is necessary in this context is as follows:

'[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute.' *Lingle*, 486 U.S. at 405-06.

See *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985); *Teamsters Local v. Lucas Flour Co.*, 369 U.S. 95, 103-04, 7 L. Ed. 2d 593, 82 S. Ct. 571 (1962). In other words, when resolution of a state law claim is 'substantially dependent' upon analysis of the terms of a collective bargaining agreement, the state claim must either be treated as a § 301 claim or dismissed as preempted by federal law. *Allis-Chalmers Corp.*, 471 U.S. at 220."

Section 301 of the LMRA preempts all state law claims where the legal character of the claim requires interpretation of the express or implied terms of a collective bargaining agreement. See *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 498-99 (7th Cir. 1996) ("If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted."); *Lopez v. Smurfit-Stone Container Corp.*, 2003 WL 297533, *2 (N.D. Ill. 2003) (preemption triggered whenever state law claim is " 'founded directly on rights created by collective bargaining agreements'. . . and when the resolution of [the] state law claim 'depends

on the meaning of, or requires the interpretation of, a collective bargaining agreement' "). However, a state law claim is not preempted if it merely requires reference to a collective bargaining agreement. See *In re Bentz Metal Products Co., Inc.*, 253 F.3d 283, 285 (7th Cir. 2001) ("We now hold . . . that a state law claim is not preempted if it does not require interpretation of the [collective bargaining agreement] even if it may require reference to the [collective bargaining agreement].").

A strikingly similar issue was addressed by the federal court in *Krygowski v. A T & T Corp.*, 2003 WL 164223 (N.D. Ill. 2003) (unpublished opinion). Krygowski alleged that she was laid off from her employment with AT&T and that AT&T refused to pay her 52 weeks of termination pay as required under the collective bargaining agreement AT&T had with Krygowski's union, CWA, the same union in the present case. Krygowski filed suit in Illinois state court alleging violation of the Illinois Wage Payment and Collection Act. AT&T removed the case to federal court and then filed a motion to dismiss claiming Krygowski failed to exhaust internal union remedies under the collective bargaining agreement.

Addressing the issue of federal preemption under the LMRA, the court stated that even though Krygowski's claim was "directly founded" on provisions of the collective bargaining agreement, the claim must still require interpretation of the collective bargaining agreement itself in order to invoke federal preemption. Slip op. at *2. In determining whether Krygowski was laid off, as opposed to being dismissed for reasons such as misconduct that would disallow termination pay, the *Krygowski* court held: "[T]he alleged obligation to pay in this case stems from the CBA, and whether or not Krygowski qualifies for the severance payments requires an interpretation of whether or not she qualifies under the terms of the CBA." Slip op. at *3. Relying primarily on *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, the court concluded Krygowski's claim was preempted by section 301 of the LMRA. See *Atchley*, 101 F.3d at 500 (claim for increases and bonuses was preempted by section 301 of the LMRA because the collective bargaining agreement governed the amount, method, and timing

of payment of bonuses and the increase in wage to the plaintiffs). We find the analysis in *Krygowski* to be persuasive.

Creekmore argues that her claim for wages would not require an interpretation of the contract because her entitlement to the contractual severance depends on whether she was guilty of misconduct. We disagree. Whether a union member is terminated for misconduct seems to be at the very heart of the collective bargaining agreement and essential to protection of union rights.

The district court did not err in finding that Creekmore's state law claim was preempted by section 301 of the LMRA. Creekmore's claim grew out of her employment relationship with SBT and her union's collective bargaining agreement covering her employment. Although the term "misconduct" is not defined within the collective bargaining agreement, we cannot say that all that is needed is merely a passing reference to the agreement. See *Livadas*, 512 U.S. at 122-24. Whether Creekmore was terminated for misconduct requires interpretation of the collective bargaining agreement. Construing the term misconduct necessitates interpretation of the collective bargaining agreement. Creekmore's claim for severance and unpaid vacation is "substantially dependent" upon an analysis of the terms of the collective bargaining agreement. *Lindemuth*, 19 Kan. App. 2d 95, 97-98. Consequently, section 301 of the LMRA preempts state law jurisdiction over Creekmore's wage claim, and the KDL lacked jurisdiction to resolve the claim.

Affirmed.