Brant, J.
From June 12, 2000 until his resignation on December 11, 2004, plaintiff Darush Mario Etedali (“Etedali”) worked as a systems engineer for the Danvers Municipal Light Department, a department within the government of the defendant, town of Danvers (“Danvers”). Throughout his employment, Etedali was a member of a union that acted as the collective bargaining agent for him. At first, his union was Local 25 of the International Brotherhood of Teamsters (‘Teamsters”). Later, after the decertification of the Teamsters, Etedali was represented by the Danvers Independent Employees Group (“DIEG”).
During the fiscal year 2003, Etedali was paid $71,323.69 pursuant to a collective bargaining agreement with Danvers that had been negotiated by the Teamsters. At the expiration of that agreement on June 30, 2003, the end of fiscal year 2003, Danvers and the union were unable to agree upon a new collective bargaining agreement. As a result, Etedali continued to be paid the same amount as he had been earning under the expired collective bargaining agreement. This continued until Etedali left his position with Danvers on December 11, 2004.
On February 9,2005, two months after Etedali had left his job, Danvers and DIEG agreed upon the terms of a new collective bargaining agreement. By its terms, the new agreement was to be effective for three years, commencing July 1, 2003. The agreement provided for a salary for Etedali’s former position of $79,418.00 for the period July 1, 2003 until July 1, 2004, and $84,474.00 after July 1, 2004.
Etedali filed this suit to recover the additional salary he would have received under the second collective bargaining agreement from its effective date on July 1, 2003, until the end of his employment on December 11, 2004. Etedali alleged violations of the Massachusetts wage laws, G.L.c. 149, §§148 and 150, breach of contract, quantum meruit, and breach of the covenant of good faith and fair dealing. Etedali attached copies of the two collective bargaining agreements to his complaint.
Pursuant to Mass. R. Civ. R, Rule 12(b) (6), Danvers moved to dismiss the complaint on the grounds that Etedali had not filed a grievance before bringing suit, and that the subject matter of the suit was preempted by Federal law. Etedali filed an opposition to the motion to dismiss and his own affidavit in which he averred that he had been informed by DIEG that it would not represent him because he was no *241 longer a member of the union, and that the Attorney General had authorized him to file a private wage case. On March 27,2009, the judge allowed the motion to dismiss “without prejudice,” ruling that Etedali had to “exercise all Administrative and contractual remedies prior to seeking a judicial hearing.” Etedali appealed to this Division. We affirm the allowance of the Mass. R. Civ. P., Rule 12(b) (6) motion, but hold that the dismissal is with prejudice because the subject matter of the lawsuit has been preempted by Federal law.[1]
The judge was correct is ruling that Etedali was required to exhaust union grievance procedures before filing suit. Both the new collective bargaining agreement signed after he had left his employment, and the old one in effect while he was employed by Danvers, provided a mandatory grievance procedure for employment-related controversies. ‘When a collective bargaining agreement provides a grievance procedure, the general rule is that the remedies specified in the agreement must be exhausted before an employee may resort to the courts.” O’Brien v. New England Tel. & Tel. Co., 422 Mass. 686, 695 (1996). “Employees may not simply disregard the grievance procedures set out in a collective labor contract and go direct to court for redress against the employer.” Balsavich v. Local Union 170, Int’l Bhd. of Teamsters, 371 Mass. 283, 296 (1976), citing Norton v. Massachusetts Bay Transp. Auth., 369 Mass. 1, 2 (1975).
Etedali argues that he should not have been required to file a grievance because the grievance procedure would have been futile. He claims that he had difficulty obtaining a copy of the new collective bargaining agreement from Danvers or the union, and that he had been informed by representatives of DIEG that the union would not represent him because he was no longer a union member. There is nothing in the record, however, to indicate that either Danvers, or DIEG, would have refused to follow the required grievance procedure. To bypass the grievance procedure, Etedali would have to demonstrate that DIEG would not represent him fairly in a grievance, that Danvers had repudiated or nullified the grievance procedures, or that DIEG and Danvers had jointly determined to subvert it. Balsavich, supra. The *242 limited record before us would not permit the conclusion that the grievance procedures would have been futile. See Frontera v. City of Somerville, 1998 Mass. App. Div. 197, 198. The judge was correct in ruling that exhaustion of the grievance procedure was a prerequisite to the commencement of suit.
The additional ground for dismissal advanced by Danvers in its Rule 12(b)(6) motion and briefed and argued by the parties both in the trial court and before this Division is preemption. Danvers contends that the subject matter of this action is preempted by Federal labor law and, thus, that this suit cannot be maintained on state law grounds, whether statutory or common law. Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 (a) preempts a state law claim when its resolution hinges on an interpretation of a collective bargaining agreement. See Alley v. Quebecor World Kingsport, Inc., 182 S.W.3d 300, 304 (Tenn. App. 2005). A claim is preempted if it is “inextricably intertwined with consideration of the terms of the labor contract.” Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985). See also Creekmore v. Southwestern Bell Tel, L.P., 37 Kan. App. 2d 101, 105 (2007). Section 301 preempts state causes of action relating to what parties to a labor management agreement agreed to and what legal consequences were intended to flow from breaches of that agreement. Saunders v. Amoco Pipeline Co., 927 F.2d 1154, 1155 (10th Cir. 1991).
In this case, Etedali claims that he is entitled to additional compensation because the collective bargaining agreement, negotiated after his resignation by DIEG, provided for a higher salary for the position he formerly held. He seeks, in effect, a retroactive salary increase. To determine whether Etedali’s claim is valid would necessarily require the court to construe the provisions of the new collective bargaining agreement to determine whether it applies to a former employee who was working during part of the period for which retroactive salary increases were granted. Thus, as an adjudication of this suit depends on the court’s interpretation of the terms of a collective bargaining agreement, it is preempted by Section 301. See Butler v. Verizon New England, Inc., 68 Mass. App. Ct. 317, 321 (2007); Monaco v. Lombard Bros., Inc., 24 Mass. App. Ct. 941, 943 (1987).
Accordingly, the allowance of Danvers’ Rule 12(b) (6) motion to dismiss Etedali’s federally preempted claim is affirmed. As the trial court has no jurisdiction in this action, the dismissal is with prejudice.
So ordered.

 Danvers’ motion to dismiss pursuant to Mass. R. Civ. R, Rule 12(b) (6) tested the legal sufficiency of the complaint Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008). To avoid dismissal, a complaint must raise allegations above the speculative level. Flomenbaum v. Commonwealth, 451 Mass. 740, 751 n.12 (2008). The Rule provides that if “matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment..., and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion.” Here, the judge apparently considered Etedali’s affidavit, but neither he, nor either of the parties, treated the motion as one for summary judgment. See Martinez v. Harvey, 1992 Mass. App. Div. 79, 80. The judge did not extend an opportunity to Etedali to file a responsive filing, and the parties proceeded to argue the motion as a motion to dismiss. As Danvers did not object to Etedali’s affidavit, and as there was no prejudice to either party in the judge’s hearing and disposition of the motion as one for dismissal under Rule 12(b) (6) despite the additional affidavit, we find no reversible error in the judge’s procedural misstep. See Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee, 75 Mass. App. Ct 27, 29 n.3 (2009); Walsh v. Town of Randolph, 2005 Mass. App. Div. 85, 89-90.