FILED

DEC 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HIEU TRUONG,

Plaintiff - Appellant,

v.

C. CHEN, M.D., Oregon State Hospital; et al.,

Respondents - Appellees.

No. 12-35243

D.C. No. 3:10-cv-00558-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Oregon state prisoner Hieu Truong appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging Fourteenth Amendment claims

arising from injuries he sustained while being evaluated at a state hospital as a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a claim under 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed Truong's claim against supervisory hospital personnel because Truong failed to allege that these defendants confined him under conditions known to pose a substantial risk of harm from a falling tree branch and were deliberately indifferent to such a risk. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010) (under Eighth Amendment standards applicable to Fourteenth Amendment claims by pretrial detainees, inmate must allege that prison officials knew of conditions posing a substantial risk of serious harm and chose not to alleviate the risk).

The district court properly granted summary judgment on Truong's claim against defendant Chen because Truong failed to raise a genuine dispute of material fact as to whether Chen was deliberately indifferent to Truong's injury. *See Farmer v. Brennan*, 511 U.S. 825, 834-35, 837 (1994) (inmate alleging deliberate indifference must show that defendant consciously disregarded an objectively serious risk to inmate's health); *Toguchi*, 391 F.3d at 1057-58 (neither negligence nor an inmate's difference of opinion with his physician is sufficient for

a deliberate indifference claim); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

The district court did not abuse its discretion by denying further requests to continue summary judgment proceedings to allow Truong to conduct discovery because Truong failed to establish that he had diligently pursued his discovery requests, and that the discovery he sought would have precluded summary judgment. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (setting forth standard of review and conditions for a discovery-related continuance of a pending summary judgment motion).

We reject Truong's contentions that he was "steamrolled" by defendant, that he could not properly pursue his claims due to his alleged head injuries, and that the district court should have conducted a "sua sponte" hearing regarding his mental competence to proceed with this action.

**AFFIRMED.**

12-35243